UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GRAPHIC COMMUNICATIONS
CONFERENCE OF THE
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS NATIONAL PENSION
FUND; GEORGE TEDESCHI, Trustee;
and MALCOLM PRITZKER, Trustee,

         Plaintiffs,

 -against-               1:10-CV-00819 (LEK/RFT)

BRIGAR X-PRESS SOLUTIONS, INC.,

         Defendant.

**MEMORANDUM-DECISION and ORDER**

**I. INTRODUCTION**

Plaintiffs Graphic Communications Conference of the International Brotherhood of Teamsters National Pension Fund ("Fund"), Fund Trustee George Tedeschi, and Fund Trustee Malcolm Pritzker (collectively, "Plaintiffs"), brought this action against Defendant Brigar X-Press Solutions, Inc. ("Defendant") to collect delinquent payments to a multi-employer pension plan pursuant to the Employee Retirement Income Security Act ("ERISA"). Dkt. No. 1 ("Complaint") at 1. After Defendant failed to answer, Plaintiffs filed a Request for entry of default on August 2, 2010. Dkt. No. 9. The Clerk of the Court executed a Certificate of default on August 4, 2010. Dkt. No. 10.[1] Presently before the Court is Plaintiffs' Motion for default judgment, filed on June 15,

---

[1] Although Defendant has not made a formal appearance in this action, the Court notes that Defendant contacted Plaintiffs' attorney shortly after the Clerk made an entry of default. Dkt. No. 13 ("Status Report"). According to Plaintiffs, the parties agreed to an installment payment plan. Id. However, Defendant did not make all of the agreed upon payments, and, when Plaintiffs emailed Defendant to follow up, Defendant did not respond. Id.

2011, along with a Declaration by Fund Controller Jim Thomas and other supporting materials. Dkt. Nos. 12 ("Motion"), 12-1 ("Thomas Declaration"). Plaintiffs submitted an updated proposed default judgment on January 3, 2012, along with a Second Declaration by Jim Thomas containing updated financial information. Dkt. Nos. 14-1 ("Proposed judgment"), 14-2 ("Second Thomas Declaration"). For the reasons that follow, Plaintiffs' Motion is granted.

## II.     BACKGROUND

Plaintiffs allege in the Complaint that Defendant agreed, pursuant to a collective bargaining agreement ("CBA") and a special participation agreement ("SPA"), to make monthly contributions to the Fund on behalf of covered employees. Compl. ¶ 5. Pursuant to the Agreement and Declaration of Trust governing the Fund, the Fund is entitled to assess interest and establish liquidated damages on delinquent contributions, and to recover all collection expenses. Id. ¶ 9. A contribution for any given month is delinquent and begins accruing interest if it is not paid by the fifteenth of the following month. Thomas Decl. ¶ 12. Interest is assessed at the rate of the eight percent or prime plus one percent, whichever is greater. Id. Liquidated damages are set at twenty percent of delinquent contributions. Id. ¶ 13.

Plaintiffs allege that, beginning in January 2010, Defendant became delinquent in making monthly contributions to the Fund. Compl. ¶ 8. According to Fund records, the following monthly contributions by Defendant were delinquent:

- January 2010 (received on May 11, 2010);
- February 2010 (received on July 23, 2010);
- March 2010 (received on July 29, 2010);
- April 2010 (received on October 12, 2010);

- May 2010 (received on October 15, 2010);

- June 2010 (received on October 26, 2010);

- July 2010 (received on October 26, 2010);

- August 2010 (received on November 3, 2010);

- September 2010 (received on November 3, 2010);

- October 2010 (received on December 3, 2010);

- November 2010 (received on November 18, 2011); and

- December 2010 (received on November 18, 2011).

Thomas Decl. ¶ 11; Second Thomas Decl. ¶ 4. Further, as of December 15, 2011, Defendant had not yet made any of the required contributions for the period between January 2011 and November 2011. Second Thomas Decl. ¶ 7. According to Plaintiffs, under the terms and conditions of the Fund, Defendant owes: (1) $56,851.42 in unpaid contributions; (2) $4,355.67 in interest; and (3) $23,978.21 in liquidated damages. See Proposed J.; Second Thomas Decl. Ex. 1 (Dkt. No. 14-3) ("Ex. 1") at 3. Plaintiffs also seek as damages continuing per diem interest, and the costs and disbursements of this action. Proposed J.

## III. DISCUSSION

### A. Standard of Review

After the clerk has filed an entry of default against a party that has failed to plead or otherwise defend, a court may enter default judgment upon application of the opposing party. FED. R. CIV. P. 55(b). Default judgment is an extreme sanction, and decisions on the merits are favored. Meehan v. Snow, 652 F.2d 274, 277 (2d Cir.1981). However, default judgment is ordinarily justified when a party fails to respond after having received proper notice. See Bermudez v. Reid,

3

733 F.2d 18, 21 (2d Cir. 1984).  After an entry of default has been entered, all of the well-pleaded allegations in a complaint pertaining to liability are deemed true.  See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997) (recognizing that the factual allegations in the complaint, except those relating to damages, are deemed true after default).

However, a court cannot take allegations in a complaint regarding damages as true.  Credit Lyonnais Sec. (USA), Inc., v. Alcantara, 183 F.3d 151, 154-155 (2d. Cir. 1999).  After establishing liability, a court must conduct an inquiry to ascertain the amount of damages with reasonable certainty.  Transatlantic, 109 F.3d at 111.  To determine the amount of damages in the context of a default judgment, "the court may conduct such hearings or order such references as it deems necessary and proper."  FED. R. CIV. P. 55(b)(2).  However, "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there [is] a basis for the damages specified in the default judgment."  Fustok v. ContiCommodity Serv., Inc., 873 F.2d 38, 40 (2d Cir. 1989); see Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir.1991) (a full evidentiary hearing was not necessary where district judge was "inundated with affidavits, evidence, and oral presentations"); Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Northeast King Construction Co., No. 1:06-CV-0806, 2009 WL 1706586, at *1 (N.D.N.Y. June 16, 2009) (Kahn, J.).

    **B. Liability**

Here, Defendant failed to answer Plaintiffs' Complaint, despite having been duly served.  And, although Defendant contacted Plaintiffs after the Clerk made an entry of default, Defendant still did not file a formal response before the Court.  Status Report.  Moreover, Plaintiffs sent a courtesy copy of the Motion papers to Defendant.  Id.  Because Defendant has still failed to file any

response in this action, and because the Clerk has made an entry of default, the Court deems all relevant and well-pleaded factual allegations in Plaintiffs' Complaint as true in determining liability.

Plaintiffs claim that Defendant has violated 29 U.S.C. § 1145, which provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.  The Court has reviewed all submissions, taking all allegations in the Complaint as true, and finds that Defendant: (1) is an "employer" as defined in 29 U.S.C. § 1002(5); and (2) is obligated to make contributions to a multiemployer plan – here, the Fund – under the terms of both the CBA and the SBA.  Further, Plaintiffs have alleged that Defendant was delinquent in making monthly contributions to the Fund, in violation of the Fund Agreement and Declaration of Trust.  The Court therefore finds that Plaintiffs have established each of the elements necessary to state a claim pursuant to 29 U.S.C. § 1145.

**C. Damages**

As a threshold matter, the Court notes that Plaintiffs seek unpaid contributions, interest, and liquidated damages that accrued well after their Complaint was filed on July 7, 2010.  Generally, awarding compensation in a default judgment for payments due after an action was filed would be improper under Rule 54(c) of the Federal Rules of Civil Procedure.  FED. R. CIV. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").  However, because Plaintiffs also demanded damages for "any delinquencies subsequent to the filing of this case but prior to entry of a final order," damages that accrued during the pendency of this action are not precluded because they were explicitly requested in the

5

Complaint. Compl. at 4; Ames v. STAT Fire Suppression, Inc., 227 F.R.D. 361, 362 (E.D.N.Y. 2005); Trustees of Plumbers and Pipefitters Nat. Pension Fund v. Danel Weintraub & Associates, Inc., No. 04-CV-2611, 2007 WL 4125453, at *5 (E.D.N.Y. Nov. 16, 2007) (collecting cases).

### 1. Unpaid Contributions

Because Defendant is found to have violated § 1145, Plaintiffs are entitled to receive as damages the total amount of any unpaid contributions. 29 U.S.C. § 1132(g)(2)(A). Plaintiffs claim that Defendant's required monthly contributions between January 2011 and November 2011 remain unpaid. Second Thomas Decl. ¶ 7. Plaintiffs also submitted detailed spreadsheets showing the amount of each delinquent monthly contribution and a total amount outstanding of $56,851.42. Ex. 1 at 1-3. Accordingly, the Court awards Plaintiffs $56,851.42 in unpaid contributions.

### 2. Interest on Unpaid Contributions

Plaintiffs are also entitled to receive interest on all delinquent contributions. 29 U.S.C. § 1132(g)(2)(B). Pursuant to the terms of the Fund, Defendant owes interest on any delinquent contributions calculated at a daily rate of prime plus one percent or eight percent, whichever is greater. Second Thomas Decl. ¶ 8. Plaintiffs have submitted detailed documentation showing that Defendant owes interest of $1,250.26 for the contributions due between January 2010 and October 2010, and $3,105.41 for the contributions due between November 2010 and November 2011. See Ex. 1. The Court therefore awards Plaintiffs $4,355.67 in interest.

The Proposed Judgment submitted by Plaintiffs also seeks continuing interest calculated at eight percent per day, "until the judgment is paid in full." Proposed J.; Declaration of William Pozefsky (Dkt. No. 12-2) at 2. However, post-judgment interest is more properly calculated pursuant to 28 U.S.C. § 1961, which states that "interest *shall* be allowed on any money judgment in

a civil case recovered in a district court." 28 U.S.C. § 1961(a) (emphasis added); see also Empire State Carpenters v. Holiday Magic Corp., No. CV 10-603, 2011 WL 4356213, at *3 (E.D.N.Y. June 28, 2011); I.A.M. National Pension Fund v. Slyman Indust., Inc., 704 F. Supp. 301, 302-303 (D.D.C. 1989) ("[C]omputation of post-judgment interest [must be] in accordance with . . . § 1961, and not pursuant to § 1132(g)(2) of ERISA."). The Court therefore awards Plaintiffs post-judgment interest pursuant to 28 U.S.C. § 1961.

### 3. Liquidated Damages

Under 29 U.S.C. § 1132(g)(2)(C), Plaintiffs are entitled to the liquidated damages provided for under the plan, so long as they do not exceed twenty percent of the unpaid contributions. Under the terms of the Fund's Declaration of Trust, Plaintiffs are entitled to liquidated damages in the amount of twenty percent of unpaid contributions. Second Thomas Decl. ¶ 9. Plaintiffs have submitted documentation showing that twenty percent of all delinquent and unpaid contributions equates to $10,491.86 for the period of January 2010 through October 2010, and $13,486.35 for November 2010 through November 2011. See Ex. 1. Accordingly, the Court awards Plaintiffs liquidated damages in the amount of $23,978.21.

### 4. Costs and Disbursements

The Proposed Judgment submitted by Plaintiffs seeks "the costs and disbursements of this action." Proposed J. However, in reviewing the submissions, the only cost documented by Plaintiffs in their detailed submissions to date is $220.00 for arbitration costs and fees. Compl. ¶ 13; Dkt. No. 1-2 at 4. The Court therefore awards Plaintiffs $220.00 in costs and disbursements.

## IV. CONCLUSION

Accordingly, it is hereby:

7

**ORDERED**, that Plaintiffs' Motion for Default Judgment (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court shall enter judgment in favor of Plaintiffs and against Defendant in the sum of $85,405.30,[2] plus post-judgment interest pursuant to 28 U.S.C. § 1961(a); and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   February 03, 2012
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[2] This judgment is comprised of $56,851.42 in unpaid contributions, $4,355.67 in interest, $23,978.21 in liquidated damages, and $220.00 in costs and disbursements.